IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**PORFIRIO HERNANDEZ**                                                                 **PLAINTIFF**

vs.                                                   No. 4:21-cv-380

**COLORDYNAMICS, INC.**                                                              **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Porfirio Hernandez ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against ColorDynamics, Inc. ("Defendant"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is an brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant employed Plaintiff at its facilities located in Collin County; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

5. Plaintiff is an individual and resident of Dallas County.

6. Defendant is a domestic, for-profit corporation.

7. Defendant's registered agent for service of process is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8. Defendant, in the course of its business, maintains a website at https://www.colordynamics.com/.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendant provides custom print services, as well as mail and data services, to its customers.

11. Defendant acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as printing equipment and packaging and shipment materials.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

15. Defendant employed Plaintiff as an hourly-paid Printer Operator from November of 2014 until April of 2021.

16. Plaintiff worked at Defendant's facilities in Allen.

17. Defendant directly hired Plaintiff, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

18. At all times material herein, Plaintiff has been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

19. Plaintiff regularly worked over forty hours per week.

20. Plaintiff recorded his hours via Defendant's electronic time clock, which logged his hours into a payroll system maintained by Defendant.

21. Plaintiff regularly worked hours for which he was not paid.

22. Specifically, Plaintiff regularly got calls from Defendant while he was not at work. Plaintiff estimates he took calls 2 to 3 times per week, and each phone call lasted from 5 minutes to an hour.

23. Additionally, at the end of Plaintiff's shift after he clocked out, his supervisor frequently required him to communicate with the incoming shift regarding repairs, troubleshooting and other necessary information. Plaintiff generally spent approximately 10 minutes to an hour "turning over" the shift, 2 to 5 times per week.

24.	Additionally, upon information and belief, Defendant engaged in rounding practices which did not accurately capture Plaintiff's time worked.

25.	For example, if Plaintiff clocked out at 3:12 pm, his clock out time would be rounded down to 3:00 pm.

26.	Defendant's rounding practices resulted in hours worked by Plaintiff which went unrecorded and uncompensated.

27.	Plaintiff estimates he worked between one and three hours off the clock each day.

28.	Because Plaintiff regularly worked over forty hours in a week, the hours which went uncompensated caused overtime violations.

29.	Defendant failed to pay Plaintiff a proper overtime rate for all hours worked over forty each week.

30.	Defendant knew or should have known that Plaintiff was working hours off-the-clock for which he was not compensated.

31.	Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and other hourly employees violated the FLSA and AMWA.

### V.	CLAIM FOR RELIEF—VIOLATION OF THE FLSA

32.	Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

33.	Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

34.	At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

35. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

36. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

37. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x his regular rate for all hours worked in excess of 40 per week.

38. Defendant knew or should have known that its actions violated the FLSA.

39. Defendant's conduct and practices, as described above, were willful.

40. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

41. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

42. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Porfirio Hernandez respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

D. An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF PORFIRIO HERNANDEZ**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com